# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT COTNER, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1280-M |
| | ) | |
| WARDEN BEAR, et al., | ) | |
| | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Robert Cotner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet. (Doc. No. 1) at 1-9. United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. As outlined herein, the undersigned recommends that the Petition be dismissed without prejudice for failure to comply with previously imposed filing restrictions.

## SCREENING REQUIREMENT

The Court is required to review all habeas petitions and to order dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. The district court may apply any or all of the rules governing § 2254 cases to a habeas petition brought under 28 U.S.C. § 2241. *Id.* R. 1(b); *see also Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

BACKGROUND

Petitioner has a long history of filing frivolous and meritless actions in federal courts. To curb this abuse, this Court, as well as other federal district courts, the Tenth Circuit Court of Appeals, and the United States Supreme Court, have placed filing restrictions on Petitioner. *See, e.g., Cotner v. Boone*, 530 U.S. 1271 (2000) (directing the Clerk to reject future petitions for writ of certiorari from Petitioner in civil matters unless he has paid the filing fee); *Cotner v. Boone*, 48 Fed. App'x 287, 290 (10th Cir. 2002) (subjecting Petitioner to filing restrictions in original habeas actions and appeals from the denial of a habeas petition); *Cotner v. Campbell*, 618 F. Supp. 1091, 1098-99 (E.D. Okla. 1985) (reiterating filing requirements imposed by the Court due to Petitioner's continued "abuse of people and process").

Petitioner's filings in this case do not comply with the restrictions previously imposed. First, the Court has required that Petitioner present all habeas petitions upon the form petition approved by the Court and neither attach nor insert additional pages. *See Cotner v. McCollum*, No. CIV-12-1398-C, 2013 WL 1776645, at *6-7 (W.D. Okla. Apr. 4, 2013) (R. & R.), *adopted*, 2013 WL 1773582 (W.D. Okla. Apr. 25, 2013). Petitioner's filing in this case includes an additional, handwritten page to the Petition form, titled "Notice to Court of New Evidence." *See* Pet. Ex. 1 (Doc. No. 1-1).

Second, the filing restrictions require that Petitioner include with all habeas petitions

> a signed and sworn attachment listing every petition or other application for post-conviction relief filed by Mr. Cotner in this or any other court of law or equity (whether state or federal). Each case must be listed in the following manner: by style (title) of the case, docket number, court, date filed, description of the case, and disposition and date thereof.

2

*Cotner*, 2013 WL 1776645, at *6. Petitioner has submitted a list of prior cases but it is deficient in several respects: (1) it fails to identify the court associated with each case; (2) it fails to include case descriptions; and (3) it provides false information regarding the disposition of several of the cases. *See* Pet'r's Notice of Compliance with Filing Restrictions (Doc. No. 7). With regard to the disposition deficiency, Petitioner misrepresents that the majority of his prior cases were "settled out of court." *See id.* In a review of a random selection of these cases, the undersigned failed to find any case in which the docket reflected a settlement and voluntary dismissal by the parties.

This Court recently dismissed a habeas petition filed by Petitioner on the grounds that, among other deficiencies, the petition failed to comply with the filing restrictions imposed by the Court. *See Cotner v. Bear*, No. CIV-17-757-M, Suppl. R. & R. at 7-8 (W.D. Okla. Aug. 16, 2017), *adopted*, Order (W.D. Okla. Sept. 5, 2017). The Court pointed to the same filing deficiencies as are present here—namely, Petitioner's failure to identify courts, failure to include case descriptions, and failure to provide accurate information regarding the disposition of Petitioner's other cases. *Id.* at 7-8; *see also Cotner v. Beck*, No. CIV-07-076-RAW-KEW, 2008 WL 376351 (E.D. Okla. Feb. 11, 2008) (dismissing Mr. Cotner's habeas petition solely on the basis of failure to comply with filing restrictions).

Further, the Tenth Circuit Court of Appeals has dismissed an appeal of a § 2241 habeas action filed by Petitioner on substantially similar grounds. *See Cotner v. Bear*, No. CIV-15-1183-M (W.D. Okla. Jan. 29, 2016), *appeal dismissed*, No. CIV-16-6040 (10th Cir. Mar. 3, 2016). The Court predicated its dismissal on Petitioner's noncompliance with

the filing restrictions imposed upon him by the Tenth Circuit, specifically noting deficiencies with his submitted list of former cases. Order of USCA, *Cotner v. Bear*, No. CIV-16-6040 (10th Cir. Mar. 3, 2016). Similar to the deficiencies present in the instant case, the Tenth Circuit highlighted Petitioner's failure to include the originating court and failure to include accurate case dispositions (including, instead, the phrase "settled out of court"). *Id.* at 2; *see also Stine v. Oliver*, 644 F. App'x 857 (10th Cir. 2016) (affirming the district court's dismissal based solely on the plaintiff's noncompliance with filing restrictions, noting that "the district court acted within its discretion in applying the filing restrictions"). Accordingly, this action should be dismissed due to Petitioner's failure to comply with the filing restrictions imposed by this Court.

On December 26, 2017, Petitioner filed a document titled "New Evidence Proving Imminent Danger Exception," in which he asserts that he is entitled to a hearing on his Motion to Proceed *in forma pauperis* ("IFP") (Doc. No. 3.) or an Order either granting or denying this motion. Insofar as Petitioner seems to demand an immediate ruling by the Court on the Motion to Proceed IFP, the language of 28 U.S.C. § 1915(e)(2) imposes no duty on the Court to take up that issue prior to reviewing whether Petitioner has complied with the Court's filing restrictions. *See* § 1915(e)(2). Moreover, the imminent-danger exception raised by Petitioner is inapplicable to this habeas corpus action. The Tenth Circuit has determined that, while prisoners with three former "strikes" may proceed in a civil action without prepayment of the full filing fee if they make a specific and credible allegation of imminent danger, *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (quoting § 1915(g)), habeas corpus petitions are not "civil action[s]" for purposes of §

4

1915(g).  *United States v. Simmonds*, 111 F.3d 737, 741, 743 (10th Cir. 1997) (overruled on other grounds).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be DISMISSED without prejudice for failure to comply with previously imposed filing restrictions.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 18, 2018, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 28th day of December, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE